# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| ORADELLA FONTENOT | : | DOCKET NO. 08 CV 1296 |
|---|---|---|
| VS. | : | JUDGE MELANCON |
| GRANITE STATE INSURANCE COMPANY | : | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Pending before the undersigned is the plaintiff's Motion to Remand this suit to the 15th Judicial District Court. [rec. doc.6]. Defendant, Granite State Insurance Company, has filed Opposition, to which the plaintiff has filed a Reply. [rec. docs. 17 and 25]. For the following reasons, the Motion to Remand will be **GRANTED,** subject to the stay set forth in the accompanying order**.**

## BACKGROUND

Plaintiff, Oradella Fontenot ("Fontenot"), filed this lawsuit on July 29, 2008 in the 15th Judicial District Court against Granite State Insurance Company ("Granite") seeking uninsured/underinsured benefits. In her state court Petition, Fontenot alleges that on August 22, 2007 she was involved in an automobile accident wherein the vehicle she was operating was struck from behind by a vehicle which was not insured. Fontenot further alleges that at the time of the accident the vehicle she was driving was insured by an uninsured/underinsured policy of insurance issued by Granite. As a result of the accident, Fontenot alleges that she has suffered person injuries "to the muscles, ligaments and

tendons of the cervical, thoracic and lumbar spine, which have and are continuing to cause [her] pain and suffering, limitation of motion, residual dysfunction, disability, lost wages, impairment of earning capacity, loss of enjoyment of life and medical expenses, past, present and future . . . ." [rec. doc. 1-2, ¶ 8]. In accordance with Louisiana procedural law, Fontenot did not pray for any specific amount of damages and did not request a trial by jury, which is available only in cases involving claims with a minimum value of $50,000.

On August 28, 2008, Granite served its Notice of Removal on opposing counsel and the local state court; the Notice of Removal was filed in this court on August 29, 2008. [rec. docs. 1, pg. 4; 1-2, pg. 1]. Granite removed this action to this court alleging diversity jurisdiction as the basis for removal. [rec. doc. 1]. With respect to the $75,000.00 jurisdictional minimum of this court required for exercise of diversity jurisdiction, Granite cited paragraph eight of plaintiff's Petition, but offered no new facts. Granite also pointed out that Fontenot had not taken advantage of a Louisiana procedural device (La.C.Civ.P. article 893) that permits a plaintiff to plead the amount in controversy is less than the amount that would give rise to diversity jurisdiction, and that Fontenot had not agreed to stipulate that her damages were less than the jurisdictional minimum of this court.

On September 24, 2008, Fontenot filed the instant Motion to Remand alleging that Granite had filed a defective Notice of Removal because Granite failed to demonstrate

2

that the amount in controversy exceeds the requisite jurisdictional amount of $75,000.00. Fontenot additionally notes that defense counsel, Matthew J. Ungarino and his law firm Ungarino & Eckert, LLC have an extensive history of filing similar defective "bare bones removals" for which they have been warned and sanctioned by judges and magistrate judges of this court. Accordingly, Fontenot seeks all costs and attorneys fees incurred as a result of the improper removal of this action.

This court's record reveals that Granite propounded Interrogatories and Requests for Production of Documents seeking information regarding the quantum value of plaintiff's damage claim, including a specific interrogatory requesting the "dollar figure for the damages" to which plaintiff believes she is entitled, contemporaneous with service of its Notice of Removal. [rec. doc. 13-5, and pg. 5]. This court's records further reveal that after removal, Granite propounded a Request for Admission seeking an admission that plaintiff's damages will not exceed the sum of $75,000.00 [rec. doc. 13-5, pg. 30-31].

Because there had not been a Rule 26(f) conference of the parties and the parties had not stipulated to engage in discovery prior to the conference, Granite's discovery was premature. *See* Rule 26(d), FRCP. Hence, on agreement of counsel that discovery responses would not be due until thirty days after the Rule 26(f) conference is held in this case, the plaintiff's Motion for Protective Order was dismissed as moot. However, attorneys fees and expenses incurred as a result of the filing of the motion were granted.

[rec. doc. 24].

The record also reveals that Granite has filed a Motion to Continue the instant Motion to Remand asserting that the "Motion to Remand is premature unless and until plaintiff stipulates that her damages will not exceed $75,000, or answers discovery regarding the amount in controversy." [rec. doc. 15].

In its opposition, Granite focuses on the plaintiff's refusal to stipulate and answer discovery regarding the amount in controversy asserting "all plaintiff counsel will say is that the removal is insufficient, and he will not tell defendant, in pleadings or otherwise, whether plaintiff alleges that the claim exceeds $75,000" and accusing plaintiff's counsel of "playing cat and mouse."

Granite also cites paragraphs "VI" and "VII" of the plaintiff's state court petition; the undersigned notes, however, that the allegations alleged in those paragraphs do not correspond to the allegations contained in the plaintiff's actual pleadings. For example, plaintiff does not allege any claim for mental anguish, inconvenience or aggravation, nor does she allege that her monetary losses "significantly exceeded the primary insurance limits."

Granite submits plaintiff's medical bills, totaling $4,508.48, and medical reports. These reports indicate that plaintiff was diagnosed with a neck and low back strain for which she went to physical therapy on thirteen occasions for approximately a one month period and that she has taken prescription muscle relaxers. In his report of January 16,

2008, her treating physician, Dr.Humphries, stated that because Fontenot was free of pain, Fontenot could consider herself discharged, unless she experienced "repeat difficulties." Fontenot continued with complaints and accordingly, saw Dr. Humphries on four more occasions. As early as February 18, 2008, Dr. Humphries opined that Fontenot's low back problems were due to a prior accident. Moreover, although plaintiff continued to have neck complaints as late as June 12, 2008, Dr. Humphries' progress notes indicate that he has recommended that Fontenot not continue to take prescription medications as that would preclude her discharge from his care. While Dr. Humphries states that he would request an MRI of plaintiff's neck and that an MRI "might give useful information" about plaintiff's June 2008 complaints of radiating pain from the neck to the right upper extremity which "could be due to disc injury with nerve involvement", there is no indication that an MRI scan has been done since plaintiff's most recent accident and hence, there is no competent evidence that plaintiff has any cervical disc injury. To the contrary, the record evidences a muscle strain, for which she has sought sporadic treatment. Further, with respect to plaintiff's wage loss claim, the medical records indicate that Fontenot performs custodial work, and that although she has missed work for her medical appointments, she has continued working following the accident. [rec. doc. 17-2].

Pursuant to this court's standing Orders, the Motion has been referred to the undersigned Magistrate Judge for disposition.

## LAW AND ANALYSIS

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001). Accordingly, there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir.1996). The burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Howery,* 243 F.3d at 916. Thus, as the party invoking the court's jurisdiction, Granite, the removing defendant, bears the burden of establishing federal subject matter jurisdiction. *See also Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992).

When a case is removed on the basis of diversity jurisdiction, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth facts in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount."*Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir.1999)*; Simon v. Wal-Mart Stores, Inc*., 193 F.3d 848, 850 (5th Cir.1999).

Removal cannot be based simply upon conclusory allegations. *Allen v. R & H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995). A showing only that damages "could well exceed" the jurisdictional amount or that there is a "possibility" that the plaintiff

6

could recover more than the jurisdictional amount is insufficient to carry the removing defendant's burden. *Allen*, 63 F.3d at 1336. Rather, the removing defendant must establish that it is more likely than not that the jurisdictional amount is satisfied. *Allen*, 63 F.3d at 1336.

Facts supporting jurisdiction are judged as they exist at the time of removal; the court may not consider facts developed after removal. *Simon*, 193 F.3d at 851 and fn. 10; *Allen*, 63 F.3d at 1335. Thus, the 30-day removal period does not commence by service of the original petition unless "that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir.1992). Rather, when the original petition does not, on its face, affirmatively reveal that the jurisdictional minium is present, a removing defendant is not required to remove until it receives an amended pleading or other paper that make it "unequivocally clear and certain" that more than $75,000 is in controversy. *Bosky v. Kroger Texas, L.P.*, 288 F.3d 208, 211 (5th Cir.2002). This rule is intended to "reduce 'protective' removals by defendants faced with an equivocal record . . . also [to] discourage removals before their factual basis can be proven [by the removing defendant] by a preponderance of the evidence . . . ." *Id.*

In the instant case, it is not facially apparent that the plaintiff's claims are likely above this court's $75,000 jurisdictional minimum. Rather, plaintiff has merely plead general categories of damages (pain and suffering, disability, lost wages, loss of earning

7

capacity, medical expenses, ect.) without any indication of the amount of damages sought. Such generic "categories of damages are often prayed for in cases that have far less than $75,000 in controversy, so their generic listing adds almost nothing toward satisfying the removing party's burden." *Saxon v. Thomas*, 2007 WL 1115239, *2 (W.D.La. 2007). Moreover, while the petition does allege non-specific neck and back injury, there is no indication as to the severity or nature of the injury, or the frequency or cost of past or anticipated future medical treatment, which would allow any reasonable estimation that the amount in controversy exceeds $75,000.00. Likewise there is no description of the alleged "disability" which would allow a finding that the requisite jurisdictional minimum is satisfied. In its Notice of Removal, Granite offered no new facts to establish that the jurisdictional amount is present. Accordingly, a person is left to simply guess whether the jurisdictional minimum is satisfied. Such meager information is not sufficient for a removing defendant to meet his or her burden under the "facially apparent" test.

Further, Granite's reliance on the plaintiff's failure to comply with La.Code Civ. Proc. art. 893 and failure to agree to stipulate that her damages do not exceed $75,000.00 is not well founded.

The removing defendant's "burden is unaffected by the plaintiff's failure to comply with La.Code Civ. Proc. art. 893, because compliance would not require the plaintiff to assert a specific amount in controversy, only an opinion as to federal jurisdiction. The plaintiff's statement that the amount in controversy either did or did not exceed the federal jurisdictional amount would simply be one piece of evidence for the Court to consider,

for 'a party may neither consent to nor waive federal subject matter jurisdiction.' " *George v. Dolgencorp, Inc.*, 2008 WL 103957, *1 (W.D.La. 2008) *quoting Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir.1999).

Moreover, this court has previously found that a plaintiff's failure to stipulate that his or her damages do not exceed $75,000.00 does not defeat a motion to remand in cases where it is not facially apparent that the claims establish the requisite jurisdictional amount. *Saxon v. Thomas*, 2007 WL 1974914, *4 (W.D.La. 2007). This is so because any such late attempt to limit damages does not defeat what was plead in the petition, but rather merely clarifies the jurisdictional facts plead which do not support a finding of the requisite amount in controversy. *Id.*; *See also George v. Dolengencorp., Inc.*, 2007 WL 4678577, *2 (W.D.La. 2007) (rejecting the removing defendant's argument that plaintiff's failure to agree to a stipulation as to damages and failure to specifically state whether his damages were sufficient for federal jurisdiction to attach pursuant to La.C.C.P. art. 893 defeats remand).

Granite's submission of uncertified copies of plaintiff's medical expenses and reports do not satisfy Granite's burden of proof; these documents are insufficient to support a finding that more likely than not the requisite jurisdictional amount exists. These documents demonstrate that as a result of this accident, Fontenot suffered a cervical and lumbar sprain, the latter of which was apparently an aggravation of prior injury, for which she received sporadic, infrequent, conservative care costing an

expenditure of only $4,508.48. Plaintiff's lumbar sprain, at least the portion which has been associated with this accident, was resolved six months after the accident, her residual symptoms being attributed by Dr. Humphries solely to Fontenot's prior accident. Plaintiff has been seen for her cervical sprain on nine occasions, over less than a one year period, and there is no indication in the record that her injury will require anything other than continued periodic conservative medical consults; there is no evidence that surgery is indicated or that any other extensive or significant treatment is necessary. To the contrary, the tenor of Dr. Humphries' reports indicate the opposite. Moreover, the evidence before this court does not support any substantial wage loss or future earning capacity claim. As a custodian, Fontenot is most likely not a high wage earner, and in any event, she has apparently continued to work following this accident. These same reasons, make it unlikely that Fontenot's disability claim is of any substantial value.

The undersigned is compelled to address Granite's additional arguments set forth in its opposition memorandum and its Motion to Continue the instant Motion to Remand regarding the plaintiff's refusal to respond to contemporaneous and post-removal discovery. In essence, Granite attempts to place responsibility for its improper and premature removal of this action on the plaintiff. This argument is contrary to existing law. It is the *removing defendant's burden* to prove that *at the time of removal* a minimum of $75,000.00 is in controversy, *not* the plaintiff's. If the removing defendant does not have facts sufficient to support removal when the original petition is received, it

10

is the removing defendant's responsibility to discover those facts *before* effecting removal. That is precisely why the "other paper" removal rule exists, to ensure that removals will not be filed "before their factual basis can be proven [by the removing defendant] by a preponderance of the evidence . . . ." *Bosky,* 288 F.3d at 211. That was clearly not done in this case. To the contrary, Granite filed a "bare bones" Notice of Removal and thereafter attempted to discover the facts supporting its pleading.

Based on the above, it is clear that Granite has not satisfied its burden of showing that it is more likely than not that the amount in controversy is in excess of $75,000.00. The instant removal was clearly improper.

Plaintiff also moves under 28 U.S.C. § 1447(c) for an award of costs, expenses and attorney's fees against the removing defendant, Granite, for improper removal of this case. This court has discretion to award costs and expenses, including attorney's fees, incurred as a result of improper removal. *Martin v. Franklin Capitol Corp.*, 546 U.S. 132, 126 S.Ct. 704, 709 (2005); *Allstate Insurance Company v. Ford Motor Company*, 955 F.Supp. 667, 670 (W.D.La. 1996). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin*, 126 S.Ct. at 711 citing *Hornbuckle v. State Farm Lloyds,* 385 F.3d 538, 541 (5th Cir. 2004) and *Valdes v. Walmart Stores, Inc.,* 199 F.3d 290, 293 (5th Cir. 2000). If an award is deemed appropriate, the court may award the "fees and costs incurred in federal court that would not have been incurred had the case

11

remained in state court." *Avitts v. Amoco*, 111 F.3d 30, 32 (5th Cir.1997).

Under the circumstances presented in this case, the undersigned is compelled to find that Granite lacked an objectively reasonable basis for removing this case from state court. Accordingly, plaintiffs' request for costs, expenses and attorney's fees will be granted.

At the time of removal, Granite presented no facts outside of those contained in the plaintiff's petition, that is, that Fontenot had suffered non-specific injuries in a car accident, for which she had received unspecified medical treatment, and for which she sought unspecified damages in a number of categories. That is true in almost every tort suit filed in state court, but not every case is susceptible to removal. *See Saxon*, 2007 WL 1115239 at *5.

Granite also relied on legal arguments which have been repeatedly rejected by this court. While this court might be sympathetic to Granite's position if this were an isolated incident, this court's records indicate that Granite's counsel, Matthew J. Ungarino and his law firm Ungarino & Eckert, LLC have an extensive history of filing similar defective "bare bones removals" for which they have been warned and sanctioned by judges and magistrate judges of this and the Middle District courts.[1] Indeed, Mr. Ungarino was

---

[1] *Saxon,* 2007 WL 1115239 at *5, 06 CV 2339 ("the law firm that represents Defendants, Ungarino and Eckert, has filed far too many bare bones removals. Almost every notice of removal filed by the firm in recent years has been defective for one reason or the other . . . ) citing *McClelland v. A I G Ins Co Inc*, 02 CV 822, *Century Surety Co. v. Hays Brothers Angus Ranch*, 04 CV 0010, *West v. State Farm*, 03 CV 1118, *Jackson v. Braden*, 04 CV 0313, *Pinkney v. Family Dollar*, 04 CV 1175, *Folks v. Goforth*, 05 CV 0215; *Woods v. Eckerd*, 05 CV 704, *Shyne v. Ryan's Family Restaurant*, 05 CV 1190; *Evans v. Family Dollar*, 05 CV 1517, and *Atkinson v. Laich Industries Corp.*, 05 CV 966; *Saxon*, 2007 WL 1974914 at *5 (affirming a $1,000.00 award of attorney's fees and costs to be

12

counsel of record for the removing defendant in the *Saxon* and *George* cases cited above which expressly rejected these same arguments. As recently noted by Magistrate Judge Hornsby, these repeated improper filings have wasted numerous hours of this court's time, despite the fact that the rules regarding removal have been set forth in orders sent to counsel again and again. *Saxon,* 2007 WL 1115239 at *6.

Plaintiff's counsel has submitted a an itemized listing of the time he has spent performing legal services associated with the wrongful removal of this action, including the dates of service and a description of the services performed.[2] [rec. doc. 25-4]. Review of this listing, and the entire record of these proceedings, supports a conclusion that $2,500.00 is a reasonable award of attorney's fees, costs and expenses incurred as a result

---

paid by Ungarino & Eckert to defer the "firm from continuing to file poorly prepared, defective notices of removal."); *George*, 2007 WL 4678577 at *2, 07 CV 1265 (recommending sanctions because defendant's attorneys [Ungarino and Eckert] continue to attempt to remove cases to this court relying on their boiler plate notice of removal form and no support for federal jurisdiction . . . "); *George*, 2008 WL 103957 at *2 (declining to impose sanctions against the defendant's counsel, noting "the decision is a close one" and that "the Court's patience with mere conclusory allegations of jurisdiction from form removal documents, unsupported by any evidence outside the petition, is quickly running out."); *Hampton v. Fred's Stores of Louisiana*, 06 CV 721 (warning that "it is time for such poorly prepared notices of removals to stop" and that "future problems of this nature will be addressed in open court rather than through orders that spell out how to fix the mistakes counsel has made in a notice of removal" and that "the court will consider sanctions or other deterrents. . . "); *Dailey v. Dollar General Stores*, 05 CV 1472 (remanding for lack of sufficient jurisdictional amount); *Miller v. Bolton*, 01 CV 799 (same); *Hebert v. Nationwide Mutual Insurance Co.*, 01 CV 367 (same); *Burgess v. Ryans Family Steakhouse, Inc.*, 07 CV 385 (same); *Edwards v. Fred's Inc.*, 05 CV288 (same); *Keyser Avenue Properties, LLC v. Fred's Stores of Tennessee, Inc.*, 06 CV 2199 (same); *Gatlin v. Dolengencorp., Inc,.* 05 CV 2114 (same); *Murray v. Oliver*, 05 CV 1964 (same); *Guin v. Family Dollar Stores, Inc.*, 00 CV 657 (same); *Demette v. Telecable Associates*, 02 CV 737 (recommending remand for lack of sufficient jurisdictional amount, but case settled prior to remand). *See also Johnese v. Guideone Mutual Insurance Co.*, 05 CV 1039-D-M3 (M.D.La.) (remanding for lack of sufficient jurisdictional amount); *Nodier v. Ungarino and Eckert, LLC*, 04-895--D-M3 (M.D.La.) (noting that "this is the second instance of this defendant removing a case of this type to this court without any legal basis for doing so" and accordingly awarding $5,101.25 in attorney's fees and $199.00 in costs for improvident removal, but denying Rule 11 sanctions warning that "any similar action in the future will trigger a cause for sanctions.").

[2]This listing excludes time associated with plaintiff's Motion for Protective Order, for which the undersigned has already awarded attorney's fees and expenses.

13

of improper removal of this action. That sum represents reasonable compensation for the time plaintiff's counsel has spent reviewing, researching, writing and corresponding with opposing counsel on issues relevant to the removal of this matter, all of which would not have been necessary had the case remained in state court.

The court has discretion to order that the fees be paid by the defendant, its attorneys or both. *Saxon,* 2007 WL 1115239, at *6. The defective removals noted above and the notice of removal filed in this case were made on behalf of different defendants; however, all of the removals were effected by the law firm of Ungarino & Eckert, LLC in cases where Matthew J. Ungarino was an attorney of record. Accordingly, the undersigned concludes that this court's discretion is best exercised by ordering the entire $2,500.00 to be paid by Matthew J. Ungarino, on behalf of his law firm, Ungarino & Eckert, LLC. An order consistent with this ruling will be entered.

## CONCLUSION

Based on the foregoing, the removing defendant has not carried its burden of establishing that federal diversity jurisdiction exists in this case and that removal was proper. This court therefore lacks subject matter jurisdiction. Accordingly, the Motion to Remand [rec. doc. 6] will be **GRANTED,** subject to the stay set forth in the accompanying order**,** and this lawsuit will be remanded to state court. It is further ordered that plaintiffs' request for costs, expenses and attorney's is **GRANTED.** Accordingly, the defendant's attorney, Matthew J. Ungarino of the law firm Ungarino & Eckert, LLC, will be ordered to pay plaintiff's counsel, the law firm of Gibson, Gruenert &

Zaunbrecher, LLC, $2,500.000 in attorney's fees, costs and expenses pursuant to 28 U.S.C. § 1447(c).

November 3, 2008, at Lafayette, Louisiana.

_C. Michael Hill_
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE